JiCOOKS, Judge.
This appeal arises from a lawsuit filed as a result of an accident which occurred when two cars collided in the diagonally striped median on Highway 6 in Natchitoches Parish. Louisiana Highway 6, at the area where the accident occurred, is a four lane roadway with the eastbound and westbound lanes being divided by a yellow diagonally striped unelevated median. On the day of the mishap, Lamon Weaver was driving westbound when he entered the diagonally striped median preparing to make a left turn. He was proceeding forward in the striped median, when a vehicle driven by Marilyn Andrews also entered the median to make a left turn. Despite “slamming” his brake pedal, Weaver’s vehicle collided with Andrews’ vehicle. Guest passengers in the laAndrews’ vehicle were La’Keisha Helaire, Shunshevia Smart and Tarkenthia Holden.
A petition for damages and a first amending and supplemental petition for damages were filed on behalf of La’Keisha Helaire, Shunshevia Smart and Tarkenthia Holden naming as defendants Marilyn Andrews, Illinois National Insurance Company (Andrews’ insurer), Lamon Weaver and Safeway Insurance Company (Weaver’s insurer). Weaver answered the petitions and asserted a cross-claim against Andrews and her insurer for his personal injuries and property damage to his vehicle. Andrews also answered the petitions and asserted a cross-claim against Weaver and his insurer.
After trial, the court found Weaver solely at fault for causing the accident. The trial judge awarded the following damages to the driver and occupants in the Andrews’ vehicle:
[[Image here]]
Weaver and his insurer appealed the judgment of the lower court, asserting the judge erred in finding him solely at fault, and in awarding excessive damages to Shunshevia Smart. Marilyn Andrews answered the appeal, contending she |3was aggrieved by the trial court’s failure to award her any sum for lost wages. Illinois National Insurance Company also answered the appeal. It agreed with the findings of the trial court, but argued alternatively and only in the event this court amends the trial court’s apportionment of fault, that the quantum awards to La’Keisha Helaire, Shunshevia Smart and Tarkent-hia Holden are excessive.
APPORTIONMENT OF FAULT
Weaver and Safeway Insurance first assert the trial court erred in finding him solely at fault for causing the accident.
It is well settled that a court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell, Id.
Appellants admit Weaver’s action in using the median lane were a violation of the law. However, they contend Marilyn Andrews ac *276 tions “were just as illegal as Mr. Weaver’s actions.” They argue Andrews had a duty to' ensure that she could turn without endangering both oncoming and overtaking traffic.
The trial court disagreed, and stated the following in his bench ruling:
Weaver’s actions in using the striped portion of the highway as a turn lane and his failure to yield and use any proper precaution when he was in the better position, that is he is from behind looking forward to the Andrews vehicle, who made a legal maneuver at|4that intersection; her turning from the travel portion of lane through that is at by all indications from what I know personally having viewed that area, not in connection with this lawsuit but with just having traveled that previously and from the photographs, her maneuver was legal.
The investigating officer testified the median area was not a travel lane, and agreed that Weaver violated the “rules of the road” by attempting to overtake another vehicle while traveling in the median. While we find the trial court correctly found Weaver’s actions were in violation of the law, we cannot agree with the trial court’s conclusion that Andrews’ attempt to turn from the median was a legal maneuver. La.R.S. 82:82 provides as follows:
A. Whenever any highway has been divided into two roadways by a median, physical barrier, or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right hand roadway and no vehicle shall be driven over, across or within the median, barrier or section, except through an improved opening or at a cross over or intersection established under authority of this Chapter.
Andrews’ attempt to use the median as either a turning lane or a neutral area to facilitate her left turn was in violation of La.R.S. 32:82. The trial court erred in not assessing Marilyn Andrews with some portion of fault.
Both parties were creating a risk by using the inaccessible median to turn into adjacent businesses. Weaver created a greater risk by not only entering the median, but in proceeding in it as a lane of travel. Therefore, his fault should be greater. We will assess Weaver eighty (80) percent at fault, and Marilyn Andrews twenty (20) percent at fault in causing the accident.
^DAMAGES
Our review of damage awards by the trier of fact is narrow, and we will not disturb an award unless the trier of fact has abused its discretion, which is particularly “great” and “vast” when assessing general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). A choice by the trier of fact between two permissible interpretations of the evidence cannot constitute an abuse of discretion. Stobart v. State, DOTD, 617 So.2d 880 (La.1993). Accordingly, we will only decrease the amount of damages awarded Shunshevia Smart if the award is above that which a reasonable trier of fact could assess under the particular circumstances of the case. Youn, 623 So.2d 1257.
We note Marilyn Andrews and Illinois National, in answering the appeal, stated they were aggrieved by the “excessive award of quantum in favor of La’Keisha Helaire, Shunshevia Smart and Tarkenthia Holden.” The brief submitted by these parties, however, declared their intent to adopt the arguments advanced by Weaver which addressed only the award to Shunshevia Smart. Weaver did not complain that the awards to La’Keisha Helaire and Tarkenthia Holden were excessive. Under the circumstances, we deem abandoned Andrews’ and Illinois National’s assignment which sought to raise as error the awards to Helaire and Holden.
The trial court awarded Shunshevia Smart $7,500 in general damages. Smart, who was pregnant at the time of the accident, spent the night of the accident in the hospital for observation. Smart testified she experienced neck and back pain. Smart had contractions immediately following the accident, and was given medication to retard contractions throughout the remainder of her lepregnancy. Smart also testified she was worried about her pregnancy following the accident until the successful birth of her child. Reviewing the record, we cannot say *277 the $7,500 general damages award to Shunshevia Smart was an abuse of discretion. We also find the trial court did not abuse its discretion in denying Marilyn Andrews’ claim for lost wages because she failed to establish any of her claimed injuries prevented her from working.
DECREE
For the foregoing reasons, that portion of the judgment finding Lamon Weaver solely at faulty is reversed. Marilyn Andrews is assessed with twenty (20) percent fault, and Lamon Weaver with the remaining eighty (80) percent fault. In all other respects, the judgment is affirmed. Costs of this appeal are assessed equally against Lamon Weaver and Safeway Insurance Company, and Marilyn Andrews and Illinois National Insurance Company.
REVERSED IN PART; AFFIRMED IN PART.